**IN THE COURT OF APPEALS OF TENNESSEE**

**EASTERN SECTION AT KNOXVILLE**

FILED

May 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CARL F. BELL, | ) | GREENE CHANCERY |
| | ) | |
| Plaintiff/Appellant | ) | NO. 03A01-9610-CH-00334 |
| | ) | |
| v. | ) | HON. THOMAS R. FRIERSON, II, |
| | ) | CHANCELLOR |
| ROBERT CARTER, | ) | |
| | ) | |
| Defendant/Appellee | ) | |
| | ) | AFFIRMED |

E. Ronald Chesnut, Greeneville, for Appellant.
Jeffrey A. Powell, Chattanooga, for Appellee.

### O P I N I O N

INMAN, Senior Judge

The motion of the appellee to dismiss this appeal because of the failure of the appellant to serve a copy of the Notice of Appeal on the Clerk of the Appellate Court is denied in accordance with the holding of the Supreme Court in *Cobb v. Beier*, _____S.W.2d_____, No. 03S01-9610-CV-00106, filed at Knoxville on April 28, 1997, for publication.

This is an action for the rescission of (1) a contract of sale, (2) a lease, and (3) a promissory note, arising out of a transaction involving Ford's Package Store, Inc. in Greeneville, together with compensatory and punitive damages.

The defendant, Carl F. Bell, was the sole stockholder of the package store, the sale of which to the plaintiff was arranged by the defendant, Glen Simerly, as agent for Southeast Business Brokers, Inc.

Parenthetically, we note at this juncture that the Chancellor exonerated Simerly and Southeast Business Brokers, Inc. from liability to the plaintiff and the judgment, as to them, has become final.

The plaintiff, in June 1994, responded to a newspaper advertisement that Ford's Package Store was for sale. He requested the business records, including

profit and loss statements for the prior three years, and inquired about the mechanics of transferring a liquor license. On the basis of a representation that the store generated a net income yearly of $40,000.00, the plaintiff executed an offer to purchase. Documentation was *post facto,* and consisted of an "income expense" statement prepared by the defendant Bell that the package store had an annual net income ranging from $42,864.00 to $51,529.00 for the years 1991, 1992 and 1993. The purchase was finalized on September 13, 1994.

The plaintiff entered upon his entrepreneurial adventure, but soon learned that much was amiss. He obtained copies of the store's tax returns for each of the prior three years, together with copies of business tax returns from the Internal Revenue Service, the latter of which revealed a loss for each of these years. The sales tax returns revealed that the store's sales were remarkably less than as represented.

The plaintiff thereupon requested of Mr. Bell that he be allowed to rescind the contract. This request was refused, and the plaintiff continued to struggle with his newly-acquired store. When his resources were depleted the store was closed, and this action was filed seking the relief mentioned.

The defendant Bell generally denied the material allegations of the complaint and "demanded strict proof."

Our review of the findings of fact made by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d).

The Chancellor essentially found that the material allegations of the Complaint were supported by a preponderance of the evidence. He found that the defendant Bell falsely represented to the plaintiff, then a prospective purchaser only, that the business generated an annual net profit of $40,000.00, which was later documented by an "Income Expense Statement" purportedly verifying the representation previously made. Lesser indicia of fraud were found: store suppliers were wary of Mr. Bell, and had required him to pay upon delivery of merchandise; a cash register repair service refused further repair service until prior charges were settled; the TVA

was about to repossess a heat pump which it financed.  As to these lesser indicia, the defendant argues that he made no representations about them, and takes the plaintiff to task for his failure to make proper inquiry of the affected creditors.  The appellant in effect excoriates the plaintiff for his failure to investigate the business history of the store in a more thorough way.  We have searched his brief and nowhere do we find any discussion of the telling evidence that he represented to the plaintiff that the store generated a net profit of $40,000.00 annually as alleged by the plaintiff and found by the Chancellor.

The appellant presents for review the issues of whether the alleged fraud and misrepresentation of the defendant were established by clear and convincing evidence, and whether the business tax records of the defendant were properly required to be produced by him.

To sustain a claim for fraud and misrepresentation, a plaintiff must prove that representations of existing or past facts that are material and false were made knowingly, recklessly, carelessly, or without belief in their truth and were relied upon. *Keller v. West-Morr Investors, Ltd.,* 770 S.W.2d 543 (Tenn. Ct. App. 1988).  The Chancellor applied this standard, and we cannot find that the evidence preponderates against his determination.  With respect to the second issue, the appellant argues that his "business tax records" were not material and should not have been considered on the issue of fraud, since they were never revealed to the appellee prior to his purchase of the store.  We think a short answer to this argument is found in the fact that the sworn data in the tax returns directly contradicted the financial data supplied to the purchaser before the sale was consummated, and therefore could hardly be more relevant on the issue of calculated fraud.

The judgment is affirmed at the costs of the appellant and the case is remanded for the enforcement of the judgment.

_____
William H. Inman, Senior Judge

3

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge